USDNY DOCUMENT ELECTRONICALLY FILED DOC #: DATE FILED: 3/13/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,

    - v. -         **MEMORANDUM**

DAVID GARCIA,         S1 10 Cr. 232-01 (NRB)

    Defendant.
------------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

  On December 20, 2010, defendant David Garcia ("defendant") pled guilty to, inter alia, (i) conspiring to commit bank fraud in violation of 18 U.S.C. § 1349 and (ii) committing bank fraud in violation of 18 U.S.C. §§ 1344 and 2. It is undisputed that the criminal enterprise caused approximately $470,000 in actual losses, $105,000 of which was directly attributable to defendant. It is further acknowledged that defendant received $7,000 for his participation in the scheme.

  After the termination of defendant's criminal activity, defendant received a large settlement award in connection with an unrelated civil matter. The settlement arose from an incident that occurred in the year 2000, when defendant fell 20 feet into a manhole and suffered serious physical injuries that required the use a wheelchair.

  At defendant's sentencing, the Government sought joint and several restitution in the amount of $105,000 (i.e., the portion of actual losses that was directly attributable to defendant).

Citing 18 U.S.C. § 3664(h),[1] defense counsel urged the Court to limit restitution to defendant's economic gain ($7,000) and to disregard defendant's ability to pay higher restitution vis-à-vis his settlement funds. We decline defense counsel's request.

Regardless of any sympathy that defendant's situation might evoke, the VWPA contemplates downward departures only where "economic circumstances" are poor, not where they prosper.[2] See, e.g., S. Rep. No. 104-179, at 21 (1995) ("Should the defendant's economic circumstances change to allow greater restitution payments, these payments should be required."); cf. 18 U.S.C. § 3664(n) ("If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.").

Finally, we note that legislative bodies have exempted certain assets from the reach of judgments and orders, see, e.g., N.Y. C.P.L.R. 5222(e) (McKinney 2009) (providing a partial

---

[1] That section provides: "If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant. 18 U.S.C. § 3664(h).

[2] The case law is consonant with this interpretation. See, e.g., United States v. Smith, No. 12-134-CR, 2013 WL 765066, at *2 (2d. Cir. Mar. 1, 2013) (noting that a district court correctly considered a defendant's "economic circumstances" under 18 U.S.C. § 3664(h) when the court offered her "an opportunity to argue that her financial resources rendered her incapable of repaying the full amount of loss") (emphasis added).

list of exempted money and property), and that civil settlement funds are not so exempted. Given that the "substantive purpose" of the VWPA is "to assure that victims of a crime receive full restitution," Dolan v. United States, 130 S. Ct. 2533, 2539 (2010), and the ability of legislatures to exempt property from attachment and/or execution, it is not the judicial role to expand those exceptions.

In sum, the Government has already apportioned defendant's responsibility. Further diminution would be unauthorized.

Dated:   New York, New York
         March 12, 2013

                                    NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE

3

Copies of the foregoing Memorandum have been mailed on this date to the following:

**Counsel for Defendant**

Jennifer L. Brown, Esq.
Federal Defenders of New York Inc.
52 Duane Street, 10th Floor
New York, NY 10007

**Counsel for the Government**

Harris Fischman. Esq.
United States Attorney Office
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007